RE: MUNICIPAL CONFLICTS OF INTEREST-ABSTENTION FROM VOTING THIS WILL ACKNOWLEDGE RECEIPT OF YOUR LETTER DATED APRIL 5, 1990, REQUESTING ADVICE FROM THIS OFFICE WITH RESPECT TO THE FOLLOWING QUESTION:
 "DOES A PUBLIC OFFICER (THE MAYOR OF THE CITY OF MCALESTER), WHO DOES BUSINESS IN THE PRIVATE SECTOR WITH CLIENTS WHO ALSO RECEIVE PUBLIC FUNDS, HAVE THE RIGHT TO ABSTAIN FROM VOTING BECAUSE OF A POSSIBLE CONFLICT OF INTEREST?"
YOUR LETTER DOES NOT REQUEST AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, NOR IS ONE INDICATED BECAUSE THE KEY ISSUES INVOLVE QUESTIONS OF FACT WHICH MUST BE DETERMINED PRIMARILY BY REFERENCE TO THE MUNICIPAL CHARTER OF THE CITY OF MCALESTER. ADDITIONALLY, I HAVE CONFERRED OVER THE TELEPHONE WITH THE CITY MANAGER, RANDY GREEN, AND WITH THE MUNICIPAL COUNSELOR, WES BROWN, WHO AGREE THAT THE ANSWERS TO YOUR UNDERLYING QUESTIONS ARE CONTROLLED BY THE MUNICIPAL CHARTER.
IT IS APPARENT FROM THE CONVERSATIONS WITH THESE PERSONS THAT IN DEALING WITH THESE ISSUES, CITY OFFICIALS HAVE RELIED ON THE LEGAL JUDGMENT AND ADVICE OF MR. BROWN. THIS RELIANCE IS APPROPRIATE BECAUSE FOR MANY, MANY YEARS A LONG SUCCESSION OF ATTORNEYS GENERAL HAVE DECLINED TO ADDRESS OPINION REQUESTS WHICH TURN ON INTERPRETATIONS OF MUNICIPAL ORDINANCES OR CHARTERS. THE ATTORNEY GENERAL, OF COURSE, HAS NO STATUTORY OR COMMON LAW ROLE IN ADVISING LOCAL OFFICIALS ON MATTERS OF PURELY LOCAL CONCERN.
ALTHOUGH THERE IS A STATUTE PROHIBITING CERTAIN CONFLICTS OF INTEREST IN THE OKLAHOMA MUNICIPAL CODE, 11 O.S. 8-113 (1989) I AM INFORMED BY MR. GREEN AND MR. BROWN THAT THE CORRESPONDING PROVISIONS OF THE MCALESTER CITY CHARTER ARE MORE STRINGENT THAN THE STATUTORY PROHIBITION ENACTED BY THE LEGISLATURE. FOR THAT REASON, EVEN WERE THERE NO CONFLICT OF INTEREST UNDER STATE LAW, THERE STILL MAY WELL BE SUCH A CONFLICT UNDER THE MUNICIPAL CHARTER, A DETERMINATION WHICH IS OF NECESSITY BEST MADE BY THE PRIMARY LEGAL ADVISOR FOR THE CITY, MR. BROWN. THE PROPER COURSE FOR THE CITY OFFICIALS IS TO CONTINUE TO UTILIZE THE ADVICE OF MR. BROWN ON THESE ISSUES, ESPECIALLY SO LONG AS THEY CONCERN INTERPRETATIONS OF MUNICIPAL ORDINANCES AND THE CITY CHARTER.
I WOULD ALSO NOTE THAT THERE IS ANOTHER STATUTE IN THE OKLAHOMA MUNICIPAL CODE, 11 O.S. 8-111 (1989), WHICH CONTEMPLATES THAT MEMBERS OF MUNICIPAL GOVERNING BODIES MAY, FROM TIME TO TIME, ABSTAIN FROM VOTING AND PROVIDING THAT SUCH ABSTENTION IS DEEMED AS A MATTER OF STATE LAW TO CONSTITUTE A "NO" VOTE. THE APPLICATION OF THE ABSTENTION STATUTE WOULD, OF COURSE, HINGE ON WHETHER OR NOT THERE IS A CONTRARY PROVISION IN THE MUNICIPAL CHARTER, A QUESTION WHICH IS PROPERLY ADDRESSED BY THE CITY ATTORNEY. (CONFLICT OF INTEREST)
(NED BASTOW)